IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-F-2232 (PAC)

ROBERT STUDER, derivatively on behalf of eVISION INTERNATIONAL, INC., *et al.*,

Plaintiffs,

v.

HENG FUNG HOLDINGS LIMITED, a public company in Hong Kong, *et al.*,

Defendants,

EVISION INTERNATIONAL, INC., a Colorado corporation,

Nominal Defendant.

**ORDER GRANTING PRELIMINARY APPROVAL TO PARTIAL SETTLEMENT**

On May 20, 2005, Derivative Plaintiffs Robert Studer and Nicholas Imperato ("Plaintiffs"), on behalf of themselves and derivatively on behalf of eVision International, Inc. ("eVision"), and "Settling Defendants" Dorsey & Whitney LLP ("Dorsey") and Ehrhardt Keefe Steiner & Hottman, P.C. ("EKS&H") (collectively, Plaintiffs and Settling Defendants are the "Settling Parties") entered into a Stipulation and Settlement Agreement ("Settlement Agreement" or "Agreement").[1] The Settlement Agreement resolves and compromises Plaintiffs' derivative claims on behalf of eVision against Settling Defendants, which are two of seven remaining Defendants in this action. Pursuant to the Settlement Agreement, the Settling Parties jointly

---

[1] For purposes of this Order, the Court adopts the Definitions set forth in the Settlement Agreement, a copy of which is attached to the Joint Motion as Exhibit 2.

moved, on May 20, 2005, for entry of an order granting preliminary approval to the partial settlement provided for in the Settlement Agreement ("the Settlement"). Having reviewed and considered the Settling Parties' Joint Motion, Settlement Agreement, and other submissions in support of preliminary approval of the Settlement, the Court now finds, concludes, and orders as follows:

## APPROVAL OF SHAREHOLDER REPRESENTATIVES

The Settlement Agreement provides for the settlement of certain shareholder-derivative claims that are the subject of this litigation. As part of the Settlement Agreement, Settling Defendants have conditionally withdrawn any objections they have raised or might have raised to Plaintiffs' representation of eVision's interests here.

Plaintiffs are preliminarily approved as the shareholder representatives of eVision. Plaintiffs and their attorneys—the law firms of Lilley & Garcia, LLP, by Charles W. Lilley and Karen Cody-Hopkins, and Jacob A. Goldberg, Esq. LLC, by Jacob A. Goldberg (collectively, "Plaintiffs' Counsel")—therefore, are authorized to act on behalf of eVision with respect to all acts required or contemplated by the Settlement Agreement.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

The Settling Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in this lawsuit and have denied, and continue to deny, any liability for any of the claims that have or could have been alleged by Plaintiffs or eVision. The Court has sustained in part and denied in part Defendants' motions to dismiss Plaintiffs' Third Amended Verified Derivative Complaint ("Complaint") in this action.

The Settlement essentially requires Settling Defendants to pay to eVision $334,500.00 in cash ("the Cash Settlement Payment"), less any Court-ordered attorneys' fees and costs to Plaintiffs' Counsel, special incentive awards to Plaintiffs, and settlement Administration Expenses to the Settlement Administrator, and accruing interest from the date of funding by each Settling Defendant until distribution to eVision or such other persons as the Court directs. The Settlement requires Dorsey to contribute $200,000.00 to the Cash Settlement Payment, and EKS&H to contribute $134,500.00 to the Cash Settlement Payment. The Settlement Agreement also requires that the Cash Settlement Payment be deposited and maintained in an escrow, interest-bearing account, subject only to deductions or expenditures that are expressly provided in the Settlement Agreement and approved or ordered by the Court. The Settlement Agreement also requires that Dorsey release its claims for any sum eVision owes to Dorsey for past professional services rendered to eVision by Dorsey. The Settlement Agreement provides for these benefits to eVision even though Dorsey and EKS&H at all times have disputed, and continue to dispute, Plaintiffs' derivative allegations in this lawsuit and have denied, and continue to deny, any liability for any of the claims that have been or could have been alleged by Plaintiffs or eVision.

In exchange for the consideration to be paid by Settling Defendants, Plaintiffs and eVision will fully discharge and release Settling Defendants and other Releasees from any and all claims Plaintiffs or eVision have or might in the future have against Dorsey, EKS&H, or any of the other Releasees, in connection with, relating to, or arising out of the facts and circumstances alleged in the action.

3

On a preliminary basis, taking into account (1) the defenses asserted by Settling Defendants in the motions to dismiss they have filed in response to Plaintiffs' pleadings, (2) the risks to Plaintiffs and eVision that Dorsey or EKS&H, or both Settling Defendants, would successfully defend against the claims arising out of the facts and legal theories pled and asserted in the Complaint, whether litigated derivatively by Plaintiffs or by eVision itself, and (3) the length of time and amount of money and other resources that would be required for Plaintiffs or eVision to obtain a final judgment through one or more trials and appeals, the Court finds that the proposed Settlement appears to be fair, reasonable, and adequate to eVision. Moreover, the Settling Parties have reached the Settlement after vigorous litigation, significant investigation and discovery conducted by the Settling Parties and their respective counsel, and arm's-length, good-faith negotiations that occurred over a period of several months. For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

Accordingly, the Settlement Agreement and corresponding Settlement are preliminarily approved.

## APPROVAL OF THE SETTLEMENT NOTICES AND NOTICE PLAN

As provided for in the Settlement Agreement, the Settling Parties have submitted a Notice of Shareholder-Derivative Action, Proposed Partial Settlement, and Hearing ("Settlement Notice"), a copy of which is attached to the Joint Motion as Exhibit 3, and a plan for distributing the Settlement Notice to eVision's Shareholders.

The Settlement Notice fairly, accurately, and reasonably informs eVision's Shareholders of (1) appropriate information about the nature and history of this litigation, Plaintiffs' claims,

Settling Defendants' defenses, and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this litigation and the Settlement Agreement; and (3) appropriate information about how to challenge the Settlement, object to Plaintiffs' Counsel's Application for an award of attorneys' fees, reimbursement of costs, and special incentive awards, or appear and be heard at the Fairness Hearing. The Settlement Notice fairly and adequately informs eVision's Shareholders that if they do not comply with the procedures and the deadline for filing Objections, they will lose any opportunity to have their Objection considered at the Fairness Hearing, to otherwise contest approval of the Settlement, or to appeal from any order or judgment entered by the Court in connection with the Settlement.

The Settling Parties also have submitted a proposed Publication Notice, a copy of which is attached to the Joint Motion as Exhibit 4, and a plan for its dissemination over a nationwide news wire service to provide additional notice to eVision's Shareholders who might not receive the Settlement Notice by mail. The Publication Notice fairly and reasonably provides to eVision's Shareholders (1) appropriate information about the nature and history of this litigation, Plaintiffs' claims, Settling Defendants' defenses, and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this litigation and the Settlement Agreement; and (3) appropriate information about how to challenge the Settlement, object to Plaintiffs' Counsel's Application, or appear and be heard at the Fairness Hearing. The Publication Notice also fairly and adequately informs eVision's Shareholders that if they do not comply with the procedures and the deadline for filing Objections, they will lose any opportunity to have their Objection considered at the Fairness

Hearing, to otherwise contest approval of the Settlement, or to appeal from any order or judgment entered by the Court in connection with the Settlement.

The proposed plan for distributing the Settlement Notice and Publication Notice appears reasonably likely to notify eVision's Shareholders of the proposed Settlement, and there appears to be no additional mode of distribution that would be reasonably likely to notify eVision's Shareholders who will not receive notice pursuant to the proposed distribution plan. The proposed notice plan also satisfies the notice requirements of due process and the Federal Rules of Civil Procedure.

The Court, having reviewed the proposed Settlement Notice, the proposed Publication Notice, and the proposed plan for dissemination of both notices, finds and concludes that the Settlement Notice and Publication Notice together with the proposed plan for distributing the notices will provide the best notice practicable and satisfies all requirements of federal and state law. Accordingly, the Court hereby Orders as follows:

1. The form and content of the proposed Settlement Notice and the proposed Publication Notice are hereby approved.

2. Promptly following the entry of this Order, Plaintiffs' Counsel shall prepare a final version of the Settlement Notice, incorporating into it the Fairness Hearing date and deadlines set forth below.

3. Within 10 days of the entry of this Order, eVision shall provide to Plaintiffs' Counsel information within eVision's possession, custody, or control, including information within eVision's transfer agent's possession, custody, or control, that is in readable electronic format and is sufficient to identify those eVision Shareholders who are known to eVision (or

eVision's transfer agent) or who can be reasonably identified from eVision's (or eVision's transfer agent's) records. Further, eVision is ordered to cooperate with its transfer agent and with Plaintiffs' Counsel to facilitate the transfer of eVision's shareholder information to Plaintiffs' Counsel or the Settlement Administrator.

4. As soon as practicable, but no later than 20 days after the Court's entry of this Order, Plaintiffs shall cause to be sent by the Settlement Administrator, by first-class United States Mail, to every eVision Shareholder who reasonably can be identified in eVision's (or eVision's transfer agent's) records, including each reasonably identifiable brokerage house, financial institution, or other nominee that holds registered eVision securities on behalf of a beneficial holder, a copy of the Settlement Notice incorporating the Fairness Hearing date and deadlines set forth below.

5. Before mailing the Settlement Notice, the Settlement Administrator will obtain address updates utilizing a National Change of Address ("NCOA") database. In mailing the Settlement Notices, the Settlement Administrator will utilize any updated addresses for eVision's Shareholders that can be obtained from the NCOA database.

6. Within five days after the mailing of the Settlement Notice by the Settlement Administrator, a copy of the Settlement Notice incorporating the Fairness Hearing date and deadlines set forth below shall be linked to the Settlement Administrator's Internet website.

7. Within 30 days after the Court's entry of this Order, Plaintiffs' Counsel shall release, or cause to be released, over Business Wire, PR Newswire, or another similar nationwide news wire service a copy of the Publication Notice incorporating the Fairness Hearing date and deadlines set forth below.

8. Within 35 days after the Court's entry of this Order, Plaintiffs' Counsel will file with the Court, and provide to all Defendants a copy of, a declaration of compliance with paragraphs 1 through 7 above, including a statement of the number of Persons to whom the Settlement Notice was mailed.

9. Strategic Claims Services, Inc. is hereby approved as the Settlement Administrator, whose costs in administering the Settlement are to be paid from the Settlement Fund. The Settlement Administrator shall disseminate, in accordance with the terms of the Settlement Agreement and this Order, the Settlement Notice to eVision's Shareholders.

## PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

The Court hereby schedules for the 9th day of November, 2005, at the hour of 9:00 a.m., which date is approximately, but not less than, 85 days after the entry of this Order, a Fairness Hearing to determine whether (1) to grant final approval to the proposed Settlement, the Settlement Agreement, and the appointment of Plaintiffs as the shareholder representatives of eVision; (2) to enter a judgment dismissing with prejudice all claims against the Settling Defendants such that neither Plaintiffs nor eVision could sue the Settling Defendants on the claims asserted in the Action again; (3) to approve the releases to be provided by Plaintiffs and eVision to the Settling Defendants and the other Releasees, and the releases to be provided by Settling Defendants to Plaintiffs and eVision; and (4) to approve the Application for an award of attorneys' fees and costs to Plaintiffs' Counsel and special incentive awards to Plaintiffs. The Court may, from time to time and without further notice to eVision's Shareholders, adjourn or reschedule the Fairness Hearing.

Subject to the terms of the Settlement Agreement, and no later than 55 days after entry of this Order, any Person with standing to object to the Settlement may file an opposition to Plaintiffs' Counsel's Application. Plaintiffs' Counsel may file a memorandum in support of their Application no later than 10 days before the Fairness Hearing.

All Objections to the approval as Plaintiffs as the shareholder representatives of eVision, the Settlement, the Settlement Agreement, or Plaintiffs' Application, shall be made in writing and, no later than 55 days after the entry of this Order, filed with this Court and mailed to Plaintiffs' Counsel, Dorsey's counsel, and EKS&H's counsel, by first-class United States mail, at the following addresses:

To Plaintiffs' Counsel:

Charles W. Lilley, Esquire
Karen Cody-Hopkins, Esquire
Lilley & Garcia, LLP
1600 Stout Street, Suite 1100
Denver, CO 80202
Tel: (303) 293-9800
Fax: (303) 298-8975

To EKS&H's counsel:

Thomas D. Birge, Esquire
Carla B. Minckley, Esquire
Birge & Minckley, P.C.
1700 Broadway, Suite 1501
Denver, CO 80290
Tel: (303) 860-7100
Fax: (303) 860-7338

To Dorsey's counsel:

Michael L. O'Donnell, Esquire
Michael T. Williams, Esquire
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, CO 80202-2617
Tel: (303) 244-1800
Fax: (303) 244-1879

The written Objection must (a) provide the Objector's name, address, and telephone number; (b) include a sworn statement attesting to (i) the Objector's continued ownership of eVision Common Stock or Preferred Stock, or both, through the date of filing the Objection, (ii) the date

9

of purchase of the Objector's eVision stock, and (iii) the number of shares of each class of eVision stock the Objector owns; (c) state each specific reason for the Objection; (d) attach a copy of the Objector's proof of ownership of eVision stock; and (e) attach all evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that the Objector wants the Court to consider in support of the Objection.

Any Objector wishing to appear at the Fairness Hearing, either in person or by separate counsel, for the purpose of objecting to the approval of Plaintiffs as the shareholder representatives of eVision, the Settlement, the Settlement Agreement, or Plaintiffs' Application, must file with the Court and serve, on Plaintiffs' Counsel, Dorsey's counsel, and EKS&H's counsel, no later than 55 days after the entry of this Order, a notice of that Objector's intention to appear and a summary of the nature and source of any evidence the Objector intends to present at the Fairness Hearing.

Any papers in support of the approval of Plaintiffs as the shareholder representatives of eVision, the Settlement, and the Settlement Agreement shall be filed with the Court and served on all Parties at least 10 days before the Fairness Hearing. Any papers in response to any Objection filed regarding any matter to be heard at the Fairness Hearing shall be filed with the Court and served on all Parties and on the Objector at least 10 days before the Fairness Hearing.

Pending final approval of the proposed Settlement and Settlement Agreement, Plaintiffs and eVision, whether directly, representatively, derivatively, or in any other capacity, are enjoined from continuing, commencing, or prosecuting any of the Released Claims (as defined in the Settlement Agreement) against Dorsey, EKS&H, or any of the Releasees.

## NO ADMISSION OF LIABILITY

The Settling Parties have entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in the Settlement Agreement or this Order shall be construed, deemed, or offered as an admission or concession by any of the Settling Parties for any purpose in any action or proceeding of any kind. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce each such limiting provision.

BY THE COURT:

Dated: August 9, 2005

*[signature]*
United States District Court Judge